UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. HERNANDEZ, also doing business as "NEXTSTEP FINANCIAL SERVICES, INC."<br><br>Defendant,<br><br>and<br><br>NEXTSTEP MEDICAL STAFFING IL, INC., NEXTSTEP HOLDINGS, INC., SPECTRUM ENTERTAINMENT GROUP, INC., THE ILUMINA GROUP, INC., AND GINA M. HERNANDEZ,<br><br>Relief Defendants. | Civil Action No. 09-cv3587<br><br>Judge Lefkow<br><br>Magistrate Judge Mason |

**PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT BY CONSENT AGAINST DEFENDANT DAVID J. HERNANDEZ**

Plaintiff, the United States Securities and Exchange Commission ("SEC"), pursuant to the attached consent of Defendant David J. Hernandez ("Hernandez") (see Exhibit 1 hereto), moves the Court for entry of a Final Judgment as to Defendant David J. Hernandez in the form attached hereto as Exhibit 2. In support of this motion, the SEC states as follows:

1. On June 15, 2009, the SEC filed this emergency injunctive action against Hernandez, charging him with violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. §

240.10b-5], and seeking temporary and permanent injunctive relief, disgorgement, and an appropriate civil penalty.

2.  The Commission also named as relief defendants NextStep Medical Staffing, IL, Inc., NextStep Holdings, Inc., Spectrum Entertainment Group, Inc., The Ilumina Group, Inc., and Gina Hernandez, seeking disgorgement of the investor funds transferred to them or for their benefit. As to Gina Hernandez, the SEC alleged that Hernandez had transferred substantial investor funds to her or for her benefit, including to purchase cars, jewelry, a piano, and to pay off a mortgage on Gina Hernandez's house.

3.  Thereafter, the Department of Justice ("DOJ") filed a criminal complaint and later an indictment against Hernandez, charging him with mail fraud (18 U.S.C. § 1341), and alleging facts similar to those set out in the SEC's complaint. *See U.S. v. David J. Hernandez*, Case No. 09cr516 (N.D. Ill.) (the "Criminal Action"). The DOJ also filed forfeiture proceedings in connection with the Criminal Action, seeking to recover investor funds Hernandez had transferred to others, including Gina Hernandez.

4.  Hernandez eventually entered into a plea agreement in which he plead guilty to count one of the indictment which charged Hernandez with devising and participating in a mail fraud scheme in violation of Title 18 U.S.C. §1341. The Court in the Criminal Action sentenced Hernandez to, among other things, pay restitution of $6,449,298.56 and serve 200 months in prison.

5.  The DOJ also reached a settlement with Gina Hernandez as to the forfeiture proceedings, in which she has released her claim to the cars, has sold or will sell the personal property in her possession, and will deposit that money with the Clerk of the Court in the name of the Criminal Action for eventual distribution to the harmed investors. In addition, Gina

Hernandez has taken out a loan secured by her house and paid $161,000 into the Criminal Action for eventual distribution to harmed investors.

6. In Hernandez's consent, attached hereto as Exhibit 1, he agrees to the entry of a final judgment against him in the form attached hereto as Exhibit 2, which, among other things:

(a) Permanently restrains and enjoins Hernandez from violations of Section 5 and 17(a) of the Securities Act [15 U.S.C. §§ 77e and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(b) Does not order disgorgement or impose a civil penalty in light of the previously entered judgment in the Criminal Action which ordered Hernandez to pay restitution of $6,449,298.56 and to serve 200 months in prison.

7. Previously, the SEC obtained judgments by default against each of Hernandez's corporations named as relief defendants. Concurrent with the filing of this motion, the SEC is filing a motion to dismiss its claims against relief defendant Gina Hernandez, based upon her settlement with the DOJ in the Criminal Action.

WHEREFORE, the SEC respectfully requests that the Court grant this motion and enter the Final Judgment as to Defendant David J. Hernandez in the form attached to this motion as Exhibit 2.

Dated: January 20, 2012

Respectfully Submitted,

/s Kristopher S. Heston
Kristopher S. Heston (IL Bar No. 6204816)
Steven J. Levine (IL Bar No. 6226921)
Attorneys for Plaintiff
Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Ph: 312.353.7390
Email: hestonk@sec.gov