**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) DAVID J. HERNANDEZ, also doing business as ) "NEXTSTEP FINANCIAL SERVICES, INC." ) ) Defendant, ) ) and ) ) NEXTSTEP MEDICAL STAFFING IL, INC., ) NEXTSTEP HOLDINGS, INC., SPECTRUM ) ENTERTAINMENT GROUP, INC., THE ) ILUMINA GROUP, INC., AND ) GINA M. HERNANDEZ, ) ) Relief Defendants. ) ) | Civil Action No. 09-cv-3587<br><br>Judge Lefkow<br><br>Magistrate Mason |

## **FINAL JUDGMENT AS TO DEFENDANT DAVID J. HERNANDEZ**

The Securities and Exchange Commission having filed a Complaint and Defendant David J. Hernandez ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**[PERMANENT INJUNCTION PROHIBITING FUTURE VIOLATIONS OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934]**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

**[PERMANENT INJUNCTION PROHIBITING FUTURE VIOLATIONS OF SECTION 17(a) OF THE SECURITIES ACT OF 1933]**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

### [PERMANENT INJUNCTION PROHIBITING FUTURE VIOLATIONS OF SECTION 5 OF THE SECURITIES ACT OF 1933]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

    instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

### [MONETARY RELIEF]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Defendant's consent, the Court is not ordering disgorgement or imposing a civil penalty in light of the criminal case of *U.S.A. v. David J. Hernandez*, Case No. 09cr516 in the United States District Court for the Northern District of Illinois, in which Defendant was ordered to pay restitution in the amount of $6,449,298.56 and sentenced to 200 months imprisonment.

## V.

### [INCORPORATION OF CONSENT OF DEFENDANT]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant, filed in conjunction with the SEC's motion for entry of this Final Judgment, are incorporated in this Final Judgment with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

### [RETENTION OF JURISDICTION]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

### [RULE 54(b) CERTIFICATION]

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2012